## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Hira Bhura and Zohaib Mohammed, *on behalf of themselves and others similarly situated*, | Case No. |
| Plaintiffs, | CLASS ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| Capital Accounts, LLC, | |
| Defendant. | |

## Nature of this Action

1. Hira Bhura and Zohaib Mohammed ("Plaintiffs"), who are married, bring this class action against Capital Accounts, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to cellular telephone services, without prior express consent.

3. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b) as Plaintiffs reside in this district, the acts and transactions giving rise to Plaintiffs' action occurred, in part, in this

district, and as Defendant transacts business in this district.

## Parties

6. Plaintiffs are natural persons who at all relevant times resided in Plano, Texas.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a limited liability company located in Nashville, Tennessee.

9. Defendant "specializes in the collection of overdue balances." http://capitalaccounts.co/

10. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

12. Defendant's "state-of-the-art technology features sophisticated phone and information systems." http://capitalaccounts.co/capital_accounts_brochure.pdf

13. Defendant uses "advanced skip tracer services to locate individuals who have relocated or are being evasive." *Id*.

14. "Skip tracing refers to the process of locating individuals whom have relocated or are being evasive. [Defendant] employs the best information services and technology available in order to locate debtors and recover their delinquencies." *Id*.

15. "In situations where debtor phone numbers and addresses are unknown or invalid, [Defendant's] skip tracing methods are utilized. These methods result in a higher rate of track downs, with resultant greater recovery." *Id*.

16. Defendant's website includes a testimonial that reads: "Just wanted to say IMPRESSIVE about my first report. *You guys place so many calls* and have already sent a couple of letters to people. Amazing! That's already more than our old agency did in the 10 years they worked for us! Thank you so much to you and your team of hard workers!" http://www.usecapital.com/home/testimonials.html (emphasis added).

**(Calls to Ms. Bhura's Cellular Telephone Number)**

17. Sometime in July 2016 Defendant began placing calls to Ms. Bhura's cellular telephone number—(972) XXX-XXXX.

18. If Ms. Bhura did not answer one of Defendant's calls, Defendant would place another call to her cellular telephone number minutes later.

19. This process would continue for several calls.

20. On several occasions Ms. Bhura answered Defendant's calls.

21. During more than one conversation between Ms. Bhura and Defendant, Ms. Bhura informed Defendant to stop placing calls to her cellular telephone number.

22. During one of the conversations between Ms. Bhura and Defendant, Defendant ignored Ms. Bhura's cease and desist request, spoke over Ms. Bhura, and demanded that she grab her credit card and pay now.

23. During one of the conversations between Ms. Bhura and Defendant, Defendant— by way of a representative named "Shelby"—informed Ms. Bhura that its system was not equipped with a feature that allowed it to stop placing calls to her cellular telephone number.

24. Despite Ms. Bhura's requests that Defendant stop placing calls to her cellular telephone number, Defendant continued to place calls to Ms. Bhura's cellular telephone number.

25. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Bhura's cellular telephone number by using an automatic telephone dialing system.

26. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Bhura's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

27. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Bhura's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4,

2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

28. Defendant placed the calls to Ms. Bhura's cellular telephone number, in part, to collect a debt.

29. Upon information and good faith belief, Defendant placed its calls to Ms. Bhura's cellular telephone number for non-emergency purposes.

30. Upon information and good faith belief, Defendant placed its calls to Ms. Bhura's cellular telephone number voluntarily.

31. Upon information and good faith belief, Defendant placed its calls to Ms. Bhura's cellular telephone number under its own free will.

32. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Ms. Bhura's cellular telephone number.

33. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Ms. Bhura's cellular telephone number.

34. Before Defendant placed most of its calls to Ms. Bhura's cellular telephone number, she revoked any prior express consent Defendant may have had to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

35. Defendant's "Progress reports" regarding "accounts placed with [it] include "current balances, information of payment commitments, the number of phone calls made, and the number of letters sent." http://capitalaccounts.co/capital_accounts_brochure.pdf

36. Defendant, therefore, maintains business records that show all calls it placed to Ms. Bhura's cellular telephone number.

37. Ms. Bhura suffered actual harm as a result Defendant's calls in that Defendant harassed her in connection with its attempt to collect a debt.

38. Ms. Bhura suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

39. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Ms. Bhura paid a third party.

40. Moreover, Defendant's calls at issue unnecessarily tied up Ms. Bhura's cellular telephone line.

**(Calls and Text Message(s) to Mr. Mohammed's Cellular Telephone Number)**

41. Sometime after Defendant began placing calls to Ms. Bhura's cellular telephone number, Defendant began placing calls to Mr. Mohammed's cellular telephone number—(214) XXX-XXXX.

42. On more than one occasion, if Ms. Bhura did not answer one of Defendant's calls Defendant would, minutes later, place a call to Mr. Mohammed's cellular telephone number.

43. As a result of Defendant's calls to Mr. Mohammed's cellular telephone number, he spoke with Defendant on more than one occasion.

44. During one at least one of the conversations between Mr. Mohammed and Defendant, Mr. Mohammed informed Defendant to stop placing calls to his cellular telephone number.

45. Defendant, nonetheless, continued to place calls to Mr. Mohammed's cellular telephone number.

46. Defendant also sent at least one text message to his cellular telephone number.

47. The text message reads:

    FRM: Capital Accounts
    SUBJ: HIRA BHURA
    MSG: http://capitalbillpay.com/
    index.php?
    account number = 1755324

48. On one occasion Defendant left a voice message on Mr. Mohammed's cellular telephone number voice mail service that included nothing more than the sound of typing on a keyboard.

49. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls and text message(s), Defendant placed its calls and text message(s) to Mr. Mohammed's cellular telephone number by using an automatic telephone dialing system.

50. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls and text message(s), Defendant placed its calls and text message(s) to Mr. Mohammed's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

51. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls and text message(s), Defendant placed its calls and text message(s) to Mr. Mohammed's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers

and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

52. Defendant placed its calls, and sent its text message(s), to Mr. Mohammed's cellular telephone number in an effort to contact a third party—Ms. Bhura, who is Mr. Mohammed's wife.

53. Defendant placed its calls, and sent its text message(s), to Mr. Mohammed's cellular telephone number, in part, in an effort to collect a debt that Mr. Mohammed did not owe.

54. Upon information and good faith belief, Defendant placed its calls, and sent its text message(s), to Mr. Mohammed's cellular telephone number for non-emergency purposes.

55. Upon information and good faith belief, Defendant placed its calls, and sent its text message(s), to Mr. Mohammed's cellular telephone number voluntarily.

56. Upon information and good faith belief, Defendant placed its calls, and sent its text message(s), to Mr. Mohammed's cellular telephone number under its own free will.

57. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls and send tits text message(s) to Mr. Mohammed's cellular telephone number.

58. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls and send its text message(s) to Mr. Mohammed's cellular telephone number.

59. Mr. Mohammed is not, nor was, one of Defendant's customers.

60. Mr. Mohammed does not have, nor had, a business relationship with Defendant.

61. Mr. Mohammed did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

62. Defendant's "Progress reports" regarding "accounts placed with [it] include "current balances, information of payment commitments, the number of phone calls made, and the number of letters sent." http://capitalaccounts.co/capital_accounts_brochure.pdf

63. Defendant, therefore, maintains business records that show all calls and text messages that it placed to Mr. Mohammed's cellular telephone number.

64. Mr. Mohammed suffered actual harm as a result Defendant's calls and text message(s) in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

65. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Mr. Mohammed paid a third party.

66. Moreover, Defendant's calls unnecessarily tied up Mr. Mohammed's cellular telephone line.

67. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and an artificial or prerecorded voice to place calls and text messages to telephone numbers assigned to cellular telephone service providers.

**(Letters to Ms. Bhura)**

68. On August 17, 2016, Defendant sent an email to Ms. Bhura that reads, in part:

HIRA BHURA,
Re: Account 1755324

Creditor: Ann Wang Gomez Md
Balance: $578.91

As of the date of this letter, you owe $578.91. Upon payment, any negative credit reporting will be updated with the three national credit bureaus

You can pay online or explore payment options at www.capitalbillQay.com or by contacting us at 866.854.5359. Because of interest, late charges, and other charges that may *vary* from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 866.854.5359.

This communication is from a debt collector. This is an attempt to collect a debt, any information obtained will be used for that purpose.

Capital Accounts LLC
PO Box 140065
Nashville, TN 37214
866.864.5359

69. On August 26, 2016, Defendant sent a letter to Ms. Bhura that reads, in part:

Date: 08/26/2016
Account: 1755324
Client: Ann Wang Gomez Md
Balance: $581.65

Dear Hira Bhura:

You have not made satisfactory payment arrangements to pay this delinquent debt. Our Client, XXX XXXX XXXXX Md, has authorized us to report this unpaid collection account to one or more national credit bureaus.

We are more than willing to work out payment arrangements if necessary. Please call us or go online lo explore options which fit you best.

   ***You can pay online or explore options at www.capitall.billpay.com***

**(Letters to Ms. Bhura)**

68. On August 17, 2016, Defendant sent an email to Ms. Bhura that reads, in part:

HIRA BHURA,
Re: Account 1755324

Creditor: Ann Wang Gomez Md
Balance: $578.91

As of the date of this letter, you owe $578.91. Upon payment, any negative credit reporting will be updated with the three national credit bureaus

You can pay online or explore payment options at www.capitalbillQay.com or by contacting us at 866.854.5359. Because of interest, late charges, and other charges that may *vary* from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 866.854.5359.

This communication is from a debt collector. This is an attempt to collect a debt, any information obtained will be used for that purpose.

Capital Accounts LLC
PO Box 140065
Nashville, TN 37214
866.864.5359

69. On August 26, 2016, Defendant sent a letter to Ms. Bhura that reads, in part:

Date: 08/26/2016
Account: 1755324
Client: Ann Wang Gomez Md
Balance: $581.65

Dear Hira Bhura:

You have not made satisfactory payment arrangements to pay this delinquent debt. Our Client, XXX XXXX XXXXX Md, has authorized us to report this unpaid collection account to one or more national credit bureaus.

We are more than willing to work out payment arrangements if necessary. Please call us or go online lo explore options which fit you best.

   ***You can pay online or explore options at www.capitall.billpay.com***


> This communication is an attempt to collect a debt by a debt collector. All information obtained be used for that purpose.

## Class Allegations

70. Plaintiffs bring this action under Federal Rule of Civil Procedure 23, and as representatives of the following two classes:

> *TCPA class*: All persons and entities throughout the United States (1) to whom Capital Accounts, LLC, placed, or caused to be placed, calls, or text messages (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) where Defendant never obtained prior express consent to place the calls or text messages, or where the called party previously revoked prior express consent to place the calls or text messages.

> *FDCPA class*: All persons and entities throughout the United States (1) to whom Capital Accounts, LLC, placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt, (4) where Defendant caused the persons' cellular telephones to ring repeatedly or continuously, or where Defendant harassed the persons during the telephone conversations, or where the person called by Capital Accounts, LLC was not the person alleged to owe the debt.

71. The proposed classes specifically exclude the United States of America, the State of Texas, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fifth Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

72. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

73. The exact number of the members of the classes is unknown to Plaintiffs at this

time, and can be ascertained only through appropriate discovery.

74. The members of the classes are ascertainable in that, upon information and belief, their names, addresses, and telephone numbers can be identified in business records maintained by Defendant and by third parties.

75. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

76. Plaintiffs' claims are typical of the claims of the members of the classes.

77. For example, as it did for all members of the TCPA class, Defendant used an automatic telephone dialing system to place calls to Plaintiffs' cellular telephone numbers, without prior express consent, and in violation of 47 U.S.C. § 227.

78. Plaintiffs' claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

79. Plaintiffs' claims are based on the same theory as are the claims of the members of the classes.

80. Plaintiffs suffered the same injuries as each of the members of the classes.

81. Plaintiffs will fairly and adequately protect the interests of the members of the classes.

82. Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

83. Plaintiffs will vigorously pursue the claims of the members of the classes.

84. Plaintiffs have retained counsel experienced and competent in class action litigation.

85. Plaintiffs' counsel will vigorously pursue this matter.

86. Plaintiffs' counsel will assert, protect, and otherwise represent the members of the classes.

87. The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

88. Issues of law and fact common to all class members are:

    a. Defendant's violations of the TCPA;

    b. Defendant's violations of the FDCPA;

    c. The existence of Defendant's identical conduct;

    d. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    e. The availability of statutory penalties; and

    f. The availability of attorneys' fees and costs.

89. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

90. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

91. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

92. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

93. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

94. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

95. The pursuit of Plaintiffs' claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

96. There will be little difficulty in the management of this action as a class action.

97. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

98. Plaintiffs repeat and re-allege each and every factual allegation included in paragraphs 1-97.

99. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls, and in Mr. Mohammed's case text messages, to Plaintiffs' cellular telephone numbers, absent prior express consent.

**Count II**
**Violation of 15 U.S.C. § 1692d**

100. Plaintiffs repeat and re-allege each and every factual allegation included in paragraphs 1-97.

101. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt.

102. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' cellular telephones to ring repeatedly or continuously, and by engaging Plaintiffs in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiffs at the called numbers.

### Trial by Jury

103. Plaintiffs are entitled to, and hereby demand, a trial by jury.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiffs as class representatives under Federal Rule of Civil Procedure 23;

c) Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. §§ 1692d;

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiffs and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

g) Awarding Plaintiffs and the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiffs and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

i) Awarding Plaintiffs and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: September 30, 2016

/s/ Aaron D. Radbil
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Tel: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiffs and the proposed classes